# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:12CR00005-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LUTHER BOYD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia, for United States; Dennis E. Jones, Dennis E. Jones & Associates, P.C., Abingdon, Virginia, for Defendant.*

The issue before the court is the proper amount of restitution to be imposed upon the defendant as part of his criminal sentence. The defendant pleaded guilty to conspiracy to commit wire fraud, bank fraud, and obstruction of justice, money laundering, and bankruptcy fraud and has been sentenced to a total of 36 months of imprisonment. The court deferred determination of restitution in order to allow the parties to submit further relevant materials on that issue. *See* 18 U.S.C.A. § 3664(a)(5) (West 2000) (allowing court to defer determination of restitution after sentencing where the victim's losses are not ascertainable). Those submissions have now been made and the proper restitution can be determined as set forth herein.

The court is required to impose restitution in this case, pursuant to the Mandatory Victims Restitution Act ("MVRA"), *see* 18 U.S.C.A. § 3663A(a)(1) (West 2000). In addition, in his written Plea Agreement, the defendant agreed "to pay restitution for the entire scope of [his] criminal conduct, including, but not limited to, all matters included as relevant conduct." (Plea Agreement ¶ B(5)(a), EFC No. 93.)

The burden of proving the proper amount of restitution is upon the government by a preponderance of the evidence. 18 U.S.C.A. § 3664(e) (West 2000). When an offense of conviction is conspiracy, each member thereof is responsible for paying back all losses, "'not only those resulting from the defendant's individual actions but also others caused by the conspiracy itself.'" *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003) (quoting *United States v. Laney*, 189 F.3d 954, 965 (9th Cir. 1999)); *see United States v. Plumley*, 993 F.2d 1140, 1142 n.2 (4th Cir. 1993) ("[A] criminal defendant who participates in a conspiracy is liable in restitution for all losses flowing from that conspiracy.").

The victim at issue in this case is VFI Associates, LLC ("VFI").[1] The defendant, Luther Boyd, was the manager of VFI's manufacturing business and

---

[1] VFI has apparently been renamed Reconstituted VFI, LLC, but for convenience, it will be referred to under its former name. The government has represented that other possible victims of the defendant's criminal conduct, including the bank fraud and bankruptcy fraud victims, have no provable claims for restitution.

along with others, defrauded VFI in various ways, including receiving monetary kickbacks from a supplier, Lobo Machinery Corp. ("Lobo"), for arranging the purchase of manufacturing equipment by VFI at vastly inflated prices. In addition, defendant Boyd kept rebates due VFI from another supplier, Akzo Nobel Coatings, Inc. ("Akzo"), and stole product (finished wood flooring) from VFI which he personally used or sold.

The government requests restitution to VFI in the total amount of $1,415,599.88, while the defendant argues for a lesser amount, $629,790.53.[2]

In addition to the present criminal prosecution, VFI has a civil lawsuit pending against defendant Boyd in this court, which has been stayed pending resolution of the criminal prosecution. *Burke LPI, et al. v. Boyd*, 1:10CV00038 W.D. Va.). Prior to the stay, the parties to that case, through their respective counsel, entered into a Statement of Stipulated Facts ("Stip."). *Id.* at ECF No. 114 (Feb. 8, 2012). Based upon these admissions by the defendant, as well as the other

---

[2] A victim of the defendant's fraud, Don Nicewonder, has requested restitution of $4,000,000. He and victim Michael Burke were innocent investors in VFI. They jointly submitted a Victim Impact Statement to the Probation Office and Burke made an oral statement at the defendant's sentencing hearing. Nicewonder contends that the defendant's fraud caused him to lose his entire investment in this failed business. The government has not urged that claim, however, pointing out the difficulty in this case, as in other business fraud prosecutions, in adequately proving the necessary causation between the fraud and the failure of the enterprise. I have carefully considered the information presented by these victims and I fully appreciate their positions, and in particular their descriptions of the emotional toll suffered as a result of Boyd's criminal double-dealing. Nevertheless, I agree with the government. Of course, as the owners of VFI, Nicewonder and Burke will ultimately benefit from restitution paid to VFI.

evidence contained in the Presentence Report and as submitted by the parties, I find the following facts as to restitution.

I find that as a result of the Lobo equipment fraud committed by the defendant, VFI suffered a loss of $1,139,794.10. That amount is calculated as follows: The amount paid by VFI to Lobo for the equipment of $1,485,443.57 (Stip. ¶ 10), less the cost to Lobo to obtain that equipment of $197,467.48 (*id.* ¶¶ 28, 29), less Lobo's customary markup of $48,182.07 (*id.* ¶ 30), and less the amount received by VFI on its eventual sale of the equipment for $100,000 (United States' Restitution Mem. Ex.1.)

In addition, Boyd defrauded VFI in the amount of $9,762.38, consisting of his conversion of rebates from Akzo. (Stip. ¶ 43.)

Finally, finished wood product valued at $74,728.50 was stolen from VFI during Boyd's tenure as manager. (*Id.* ¶ 47.) Based upon the evidence of Boyd's other frauds and the information submitted by the victims, I find that this loss is relevant conduct and recoverable as restitution.

I thus find the total restitution to be imposed is $1,224,284.90.[3] The clerk is directed to prepare an amended judgment incorporating this amount.[4]

---

[3] The defendant points out that VFI has recovered judgment against Lobo and its principals in another civil case in this court. *VFI Assocs., LLC v. Lobo Mach. Corp.*, No. 1:08CV00014 (W.D. Va. Oct. 10, 2012) (amended judgment in favor of VFI in principal amount of $3,562,399.41). That judgment includes, but is not limited to, some of the restitution amounts imposed upon Boyd. While VFI may not be entitled to recover more

It is so **ORDERED**.

ENTER: September 23, 2013

/s/ James P. Jones
United States District Judge

---

than its actual losses, it is impossible to determine at this point whether and in what amounts recovery by VFI under the judgment in the Lobo case would reduce Boyd's restitution obligation.

[4] This amount is due immediately, but in light of the present information concerning the defendant's assets and ability to pay, I will direct payment of the restitution in minimum installments while the defendant is incarcerated and thereafter while he is on supervision, as I am required by law. *See* 18 U.S.C.A. § 3664(f)(2) (West 2000). This installment schedule does not preclude enforcement of the restitution amount and the defendant must advise the probation officer and the United States Attorney of any change in his ability to pay.